JANE QUINN, RESPONDENT, *v.* REUBEN W. VAN PELT, APPELLANT.

*Removal of action to Supreme Court — § 269 of the Code of Civil Procedure — change of place of trial — when disallowed.*

By the change of phraseology in section 269 of the Code of Civil Procedure — providing that "the Supreme Court may, by an order made at any time after the joinder of an issue of fact, and before the trial thereof, remove to itself an action or a special proceeding pending in a Superior City Court for the purpose of changing the place of trial or hearing thereof," etc. — it was not intended to change the former practice, but merely to include within its provisions other courts than those mentioned in the former statute.

The power thereby conferred should not be exercised in a case where the court, under its established practice, would not change the place of trial if the action were already pending in the Supreme Court.

The settled practice of this court would not permit (except under most extraordinary circumstances) the change of the place of trial, for the mere convenience of witnesses, after the lapse of seven years from the joining of issue, and after a trial had been had in the action, and subsequent proceedings therein had resulted in the ordering of a new trial by the Court of Appeals.

APPEAL from an order denying a motion made by the defendant to remove this cause from the Superior Court of the city of New York to the Supreme Court in the county of Westchester, "on the ground of the convenience of witnesses, and that the ends of justice may be promoted."

The action was brought on July 10, 1871, to recover damages for the misconduct of the defendant, as an attorney and counselor at law. The case was tried in April, 1872, and the trial resulted in a verdict for plaintiff, and a judgment was entered thereon for $4,605.15. An appeal was taken, and the judgment affirmed on June 30, 1873, by the General Term of the Superior court. (See case reported in 36 Jones & Spencer, 279.)

An appeal was then taken to the Court of Appeals, and on April 28, 1874, the court reversed the judgment and granted a new trial. (Reported in 56 N. Y., 417.) The case was again put on the calendar of the Superior Court and noticed for trial.

The motion to remove the cause and change the place of trial was not made until October 17, 1877.

*R. W. Van Pelt*, appellant, in person. It is obvious, from the clear phraseology of sections 269 and 272 of the new Code, that it was the intention of the legislature to give a party the right to make such motion to remove, at any time between the joinder of an issue and the trial, with equal advantage ; that is, the motion can be made immediately after the joining of issue, and immediately before the trial. Diligence in making the motion after the joining of issue is no longer an element in the case. These sections supersede the corresponding provisions of the Code of Procedure (section 33), and also supersede Rule 59 of the Supreme Court, and any other rule or practice in conflict therewith.

*James M. Smith*, for the respondent. The only difference between section 269 of Code of Civil Procedure and subdivision 2 of section 33 of the old Code is, that under the new Code the Supreme Court has now the power to remove from all city courts; before, that power only extended to the Court of Common Pleas and Superior Court of the city of New York. (Throop's notes to section 33 of new Code; *Campbell* v. *Butler*, 4 Abb., 55.)

DAVIS, P. J.:

The order in this case is appealable. The action had been pending several years in the Superior Court. A trial had been had in that court, and the judgment rendered upon the verdict had been reversed by the Court of Appeals and a new trial ordered.

It is urged that the new Code (sec. 269) has so far changed the practice that the defendant stands precisely as though no trial had ever been had. The court below thought that the long delay in making the motion, and the fact that a trial had already been had, were, under the established practice of the court, facts sufficient to defeat the motion. We concur in that view. The change made in the phraseology of the Code was not intended to make any change in the practice, but merely to include other courts than those mentioned in the former statute. The language of the Code shows that the power to remove is only given for the purpose of changing the place of trial. The power should not, therefore, be exercised in a case where the court, under its established practice, would not change the place of trial if the suit were already pending in this court. The settled practice of this court would not permit (except under most extraordinary circumstances) the change of the place of trial, *for the mere convenience of witnesses*, after the lapse of seven years from the joining of issue, and after one trial had been had, and subsequent proceedings had resulted in the ordering of a new trial by the court of last resort.

We think the order should be affirmed, with ten dollars costs, besides disbursements to abide event.

BRADY, J., concurred.

Present — DAVIS, P. J., and BRADY, J.

Order affirmed, with ten dollars costs, besides disbursements to abide the event.